Filed 3/26/24  P. v. Roundtree CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H051254 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. 210300) |
| v. | |
| RICHARD ALLEN ROUNDTREE, | |
| Defendant and Appellant. | |

### THE COURT[1]

Richard Allen Roundtree appeals from an order denying his petition for resentencing under Penal Code section 1172.75, which declares invalid certain sentence enhancements.[2]  Counsel filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), and Roundtree subsequently filed a supplemental brief on his own behalf.  This court requested additional supplemental briefing.  Having considered all the supplemental briefs, and for the reasons set forth below, we affirm the order.

---

[1] Before Greenwood, P. J., Bamattre-Manoukian, J., and Adams, J. (Judge of the Santa Clara County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution).

[2] All statutory references are to the Penal Code, unless otherwise stated.

# I. Factual and Procedural Background[3]

In 1999, Roundtree pleaded no contest to seven counts of second degree robbery (§§ 211, 212.5, subd. (c)), eight counts of false imprisonment (§§ 236, 237), and one count of threatening to commit a crime resulting in death or great bodily injury (§ 422). Roundtree admitted allegations that he was armed with or personally used a firearm during the commission of all of the counts except for one, which allegation was dismissed (§§ 12022, subd. (a)(1), 12022.5, subd. (a)(1), 1203.06, 12022.53, subd. (b)). He also admitted that he had suffered a prior serious felony conviction for forcible oral copulation (§§ 667, subd. (a), 1192.7), that he had served a prior prison term for forcible oral copulation in violation of section 288a, subdivision (d) (§ 667.5, subd. (b)), and that he had two prior convictions which qualified as strikes (§§ 667, subd. (b)-(i); 1170.12).

At the sentencing hearing, the trial court sentenced Roundtree to a total term of 50 years to life in prison. The abstract of judgment indicates that the court stayed the one-year prior prison term enhancement. This court affirmed the judgment following review pursuant to *People v. Wende* (1979) 25 Cal.3d 436. (*People v. Roundtree* (Dec. 29, 2000, H020267) [nonpub. opn.].)

In 2014, Roundtree filed a petition to recall his sentence under the Three Strikes Law Reform Act and section 1170.126. The trial court denied his petition, finding that he was ineligible for resentencing because of his offenses for robbery and false imprisonment as well as his past strike offenses for "sexually violent offenses." This court dismissed Roundtree's subsequent appeal from that order, finding that he did not raise an arguable issue on appeal. (*People v. Roundtree* (Dec. 11, 2014, H040748) [nonpub. opn.].)

In May 2023, Roundtree filed a motion for resentencing pursuant to section 1172.75, which makes invalid certain sentence enhancements imposed prior to January 1,

---

[3] The underlying facts are not relevant to the issue raised on appeal.

2020. The district attorney opposed the motion. The parties agreed that the trial court would first determine whether a prison prior that was stayed or stricken qualified as a sentence enhancement under section 1172.75. If the trial court found that Roundtree did qualify on that basis, the People reserved the right to raise additional arguments concerning his eligibility. The trial court ruled that section 1172.75 applies only to prior prison term enhancements that were imposed and executed rather than imposed and stayed, and thus denied Roundtree's motion. Roundtree timely appealed from that order.

On appeal, counsel filed an opening brief pursuant to the procedure set forth in *Delgadillo*, *supra*, 14 Cal.5th at pages 231-232. We notified Roundtree that he could file a supplemental brief on his own behalf, and that failure to do so would result in dismissal of the appeal as abandoned. (*Id*. at p. 232.) Roundtree filed a timely supplemental brief, generally alleging that the lesser punishment authorized by the resentencing statutes should apply to him, and asking this court to exercise its discretion to independently review the record. Shortly thereafter, this court published its opinion in *People v. Renteria* (2023) 96 Cal.App.5th 1276 (*Renteria*). We afforded the parties the opportunity to file supplemental briefing to address the impact, if any, of *Renteria* on this matter, insofar as it addresses the application of section 1172.75 to prior prison term enhancements that were stayed but not executed. In response, the Attorney General indicated that Roundtree was not eligible for resentencing irrespective of this issue because the trial court imposed the enhancement for a prior conviction for a sexually violent offense as defined in Welfare and Institutions Code section 6600, subdivision (b). Roundtree did not address this claim in his supplemental brief, and elected not to file a reply to the Attorney General's brief. We thus review Roundtree's challenge under the framework set forth in *Delgadillo*. We conclude that he does not raise an arguable issue on appeal, and affirm the trial court's order.

3

## II. Discussion

Citing *In re Estrada* (1965) 63 Cal.2d 740, in his initial supplemental brief, Roundtree contends that the fact that the Legislature amended the statute to lessen the punishment demonstrates "that a lighter punishment is proper for the commission of the prohibited act," and that the Legislature must have intended the lighter penalty to apply "to every case to which it constitutionally could apply." Roundtree does not raise an arguable issue on appeal. An issue is arguable if it has a reasonable potential for success, and, if resolved favorably for the appellant, the result will either be a reversal or a modification of the judgment. (*People v. Johnson* (1981) 123 Cal.App.3d 106, 109.)

Here, the Legislature has expressly excluded the application of section 1172.75 to the prior conviction in Roundtree's case. The statute provides, "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, *except* for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid." (§ 1172.75, subd (a), italics added.) A felony violation of former section 288a is considered a "sexually violent offense" under Welfare and Institutions Code section 6600.[4] Roundtree admitted, both in the trial court and in his supplemental brief in this appeal, that he had served a prior prison term for forcible oral copulation in violation of former section 288a, subdivision (d). Roundtree does not raise an argument in any of his briefs to challenge the language of section 1172.75 explicitly excepting his prior prison term enhancement from resentencing under the statute.[5]

---

[4] Former section 288a was amended and renumbered to section 287 effective January 1, 2019. (Stats. 2018, ch. 423, § 49.)

[5] As section 1172.75 does not apply to Roundtree, we need not consider the impact of the *Renteria* decision in his case.

4

Because Roundtree raises no arguable issue in his supplemental brief, we affirm the trial court's post-conviction order. (*People v. Serrano* (2012) 211 Cal.App.4th 496, 503-504.)

### III. DISPOSITION

The order denying Roundtree's resentencing petition is affirmed.